UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RICHARD GALLEGOS**                                                   **CIVIL ACTION**

**VERSUS**                                                             **NO. 07-3137**

**STATE OF LOUISIANA,**                                                **SECTION "K" (6)**
**JACK STRAIN, JR, SHERIFF**

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

In this petition, RICHARD GALLEGOS seeks relief from his November 3, 2004 state court conviction via guilty plea for his third offense of operating a motor vehicle under the influence (third offense D.W.I.), a violation of La. R.S. 14:98. Petitioner claims that he received ineffective assistance of counsel and that the State of Louisiana failed to institute the charge against him in a timely fashion.

The Court does not reach the merits of petitioner's *habeas* application since the petitioner has failed to exhaust his available state court remedies. 28 U.S.C. § 2254; ***Rose v. Lundy***, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982); ***Preiser v. Rodriguez***, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); ***Serio v. Members of the Louisiana Board of Pardons***, 821 F. 2d 1112, 1117 (5th Cir. 1987). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. ***Dupuy v. Butler***, 837 F. 2d 699, 702 (5th Cir. 1988).

A review of Gallegos' federal application reveals that Gallegos took a direct appeal to the Louisiana Court of Appeal, First Circuit. The conviction and sentence were affirmed on December 22, 2005. *State v. Gallegos*, 920 So.2d 1001 (Table) (La. App. 1st Cir. 12/22/05). Gallegos did not seek further review of his conviction or sentence to the Louisiana Supreme Court either on direct appeal or through the state post-conviction

process.[1] The Magistrate Judge's staff contacted the Louisiana Supreme Court to determine whether any writ applications had ever been filed with that court on petitioner Gallegos' behalf relative to his November 2004 conviction. A staff member of the Clerk of Court for the Louisiana Supreme Court confirmed that petitioner Gallegos has not filed such a petition. Thus, petitioner has never given the state's highest court an opportunity to pass judgment on the claims which he currently raises before this court. As such, he has failed to exhaust his state court remedies as required by *Rose*, 455 U.S. at 510, 102 S. Ct. at 1199 and 28 U.S.C. §2254 (b)(1)(A). This Court must therefore dismiss the petition of Richard Gallegos for failure to exhaust state court remedies.[2]

## RECOMMENDATION

It is therefore **RECOMMENDED** that the petition of Richard Gallegos for issuance of a writ of *habeas corpus* under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after

---

[1] Although petitioner makes the general statement in his petition that his attorney failed to "perfect an appeal", he does not explain why he failed to seek review *pro se* before the Louisiana Supreme Court or to pursue post-conviction remedies before that court.

[2] On June 22, 2007, Gallegos filed with this court a motion to add a defendant (Rec. Doc. 5). Said motion has been denied by this court. However, in said motion, Gallegos claims that he is currently being held in St. Tammany Parish Jail after being arrested on March 9, 2007. To the extent Gallegos is attempting to challenge his new arrest, such a challenge would also be premature as he has failed to pursue his state remedies before bringing his claim to federal court.

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. ***Douglass v. United Services Auto. Ass'n***, 79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 3rd day of July, 2007.

LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE